### WRUBEL v. MUTH.

RECOVERY OF RENT FOR UNEXPIRED PORTION OF A LEASE.

In an action upon a lease for years at a rental per month payable monthly in advance, brought before the expiration of the lease, it is error where defendant has repudiated the lease to charge the jury that only the rental which accrued prior to the filing of the petition could be recovered, and that damages could be given only for failure to comply with the covenant concerning repairs. The entire damages sustained by reason of the breach of the lease may be recovered.

MARVIN, J.

This case is here upon petition in error. Suit was brought by *Fanny Wrubel* v. *George V. Muth,* in the court of common pleas in this county, in which the plaintiff set out that she made a lease in 1891 to one Abraham Acnovich, of certain real estate in this city for the period of five years at a rental of $40 per month, payable monthly in advance; that George V. Muth indorsed upon that lease these words, and that that was a part of the contract, "I hereby guarantee the payment of the rent within stipulated for the entire time of the lease and further guarantee the performance on the part of the lessee, his heirs and assigns of all the conditions herein expressed, but it is expressly understood that if the said Abe. Acnovich lessee, should violate the obligation of this lease or if the said lessee, Acnovich fails to sell other beer, than the goods produced by George V. Muth as long as the same is marketable, then

this lease shall be null and void as far as said lease is concerned and the said George V. Muth shall have full control of the same and the said Muth alone being bound and being held as lessee.

GEORGE V. MUTH."

These words are not exactly the words intended. Muth did not mean to say that if he "fails to sell other beer than the goods produced by George V. Muth"; he meant to say if he did sell other beer than the beer manufactured by Muth, that then he should not be bound; then Muth says "this lease shall be null and void as far as said lease is concerned, and the said George V. Muth shall have full control of the same." Clearly the word should be "lessee" instead of "lease," and the parties treated it as meaning what I have suggested.

Muth's answer to this petition admitted that the lease was made to Acnovich; that he, Muth, entered into this contract guaranteeing the full performance on the part of the lessee of the conditions of the lease to be performed by the lessee, that the lessee discontinued the use of the premises long before the expiration of the term—perhaps after a year or so—; that he, Muth, placed other tenants into the occupation of the premises; that they paid a less amount than had been agreed upon in the lease, but whatever they did pay, he paid over to Fanny Wrubel, lessor, and later the premises were entirely abandoned because they became unfit for occupancy.

The case went to trial to a jury and resulted in a verdict for the plaintiff, Fanny Wrubel, who is also plaintiff in error for $146 or thereabouts.

The amended petition on which the case was tried, sets out, that Muth abandoned the contract, repudiated the contract so far as he was concerned, and he in his answer gives certain reasons therefor, and says it is true he repudiated the contract.

Evidence was introduced on behalf of the parties, the bill of exceptions does not undertake to set out all the evidence, but simply to show how the claim of error arises. It sets out that evidence was introduced tending to show that the allegations of the pleadings were true, and the contract of lease was offered in evidence.

The plaintiff further offered to show that in April, 1893, the premises having been vacated by the defendant, she placed one George Barnard in possession, who in turn later placed others in possession, trying to get all the rent she could out of the property. The plaintiff also introduced testimony to the effect that she refused to receive the key for said premises till April 15, 1893.

The court charged the jury concerning the measure of damages for failure to comply with the contract to make repairs, and also the measure of damages for the failure of defendant to comply with the contract of lease so far as failure to pay rents was concerned; and the jury found that the defendant made said contract of lease and failed to comply with it.

The court charged the jury that the measure of damages on the lease, in case there should be a recovery, would be the rental agreed upon per month in said lease, to wit, $40 per month. Contrary to the exception of plaintiff, the court also charged the jury that in case the verdict should be found in her favor, that only damages for failure to comply with the covenant concerning repairs set forth in the lease, and the rental which accrued prior to the time of the filing of the petition in this case in December, 1892, could be recovered. This was the limitation of the time for the recovery.

The plaintiff duly excepted to this portion of the charge, and claimed error on account of the same. The court would seem to have made that charge upon the idea that suit was brought for rents, and that suit could be brought and maintained month after month, for rents as they accrued, treating this as a continuing contract, and not a suit brought for damages because of the repudiation of the contract on the part of the defendant.

We think there was clearly error in that charge of the court. We think it is clearly a case where a suit could be brought for damages because of the repudiation of the contract by the defendant; that a single suit for the breach of that contract, not only could be, but was the proper suit to be brought, and therefore the court should not have limited the damages simply to that which accrued by reason of the failure to comply with the covenant of repair and the rents which accrued up to the bringing of the suit, but should have allowed the jury to inquire what were the entire damages of this plaintiff for the breach of that contract. The petition is broad enough to justify that, and the court should have allowed the jury to consider that question. We think that is *the* question, and this question was decided by the supreme court of this state in *James* v. *Allen County*, 44 O. S., 226, where suit was brought by *James* v. *Allen County*, for wages under a contract whereby James undertook to superintend the erection of a court house at Lima for the county of Allen, and at the end of two months from the time he was discharged from his employment he brought suit for two months' wages. He maintained that suit and recovered a judgment for the wages for the period sued for.

He subsequently brought another suit for wages claimed to have accured after the two months for which he had already obtained judgment. Our Supreme Court in that case, in a very elaborate opinion, held that he could not maintain the new suit; that he should have brought his suit in the first instance for the entire damages to him by reason of the breach of the contract on part of the county; that he could not maintain the suit brought later. The opinion goes on to reason that multiplicity of actions would result, and it would encourage him in holding himself all the time in readiness to go on with that work. It seems to us that this plaintiff must have brought her suit as she did for the entire damages sustained by reason of the repudiation of the contract on the part of the defendant. She ought not to have held, and she did not hold that property all the time ready for this defendant to occupy. If she had done so she would have failed to make it earn what it could earn. In Sutherland on damages, section 108, to which our attention is cited by counsel the same position is taken. It is there said that in such cases as this the damages *may* all be sued for in one action, and that the weight of authority seems to be that they *must be* so brought. According to the 44 O. S., *James* v. *Allen County*, *supra* clearly the plaintiff ought to have brought such suit; and we think that case goes so far as to say she *must* bring suit in one action for all her damages, she did bring such suit and was entitled to recover all the damages she sustained by reason of the breach of the contract, if she was entitled to damages at all. It seems to us that the court erred in that charge and the case is reversed for that reason.

*Chas. Zucker, and Burton & Dake*, attorneys for plaintiff in error.
*Kerruish, Chapman & Kerruish*, attorneys for defendant in error.